UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WENCILIO ADEVA,

                      Plaintiff,

                      **MEMORANDUM & ORDER**

      -against-

                      07 cv 5012 (RJD)(RLM)

INTERTEK USA INC f/k/a CALEB BRETT
USA INC and INTERTEK CALEB BRETT, INC.,

                      Defendant.
----------------------------------------------------------X

DEARIE, Chief Judge.

      Plaintiff brings this proposed collective and class action on behalf of himself and others similarly situated for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and its supporting New York State Department of Labor regulations. See 29 U.S.C. §§ 207 et seq.; NYLL §§ 650 et seq., 12 NYCRR §§ 142-2.2. Plaintiff alleges that defendant failed to pay its employees overtime premium pay for overtime work, as required by law. (See Compl. ¶ 1.) Plaintiff Adeva was employed by defendant's Linden, New Jersey office, but allegedly performs some of his duties in Richmond County, New York. (Id. ¶ 24.) He often works in excess of 40 hours per week. Plaintiff moves for certification as a FLSA collective action for "Stage I" notice purposes (Doc. No. 42), see 29 U.S.C. § 207, and as a NYLL class action pursuant to Rule 23 (Doc. No. 43). Defendant moves to transfer venue to the District of New Jersey (Doc. No. 52). After reviewing the briefs and hearing oral argument on the motions, the Court finds that the case is more appropriately heard in New Jersey, and therefore grants defendant's motion to transfer the matter to the District of New Jersey. The Court accordingly declines to rule on plaintiff's motions for conditional certification pursuant to the FLSA and class

certification pursuant to Rule 23.

**I.    Background**

Plaintiff originally filed this action against Intertek USA in the United States District Court for the Southern District of New York on August 3, 2007, serving Intertek at its Carteret, New Jersey facility. Plaintiff voluntarily dismissed the action without prejudice on November 1, 2007. This suit followed on November 30, 2007. Since that time, nine putative opt-in plaintiffs have joined the action: Eddison Reyes, Patrick Labitan, Octavio Valencia, Jose Cardenas, Daniel Espiritu, Wilhelm Jean-Pierre, David Orban, Luis Fonseca, and Todd Schouest.[1] Of these nine, all but one, Todd Schouest, reside in New Jersey. Schouest is a resident of Louisiana. Plaintiff resides in Piscataway, New Jersey. Plaintiff and most other putative opt-in plaintiffs are based out of defendant's Carteret, New Jersey location (or, in the case of notices filed after briefing, its Texas facilities). They received their assignments from managers in New Jersey, and were paid in New Jersey. Defendant has no locations in New York. Official personnel files are maintained in Texas, according to plaintiff, though defendant disputes this contention. (Compare Pl.'s Br. Venue 5, with Def.'s Reply Venue 4 (official files in Texas; management files and time sheets maintained locally).) Defendant is headquartered in Texas. (See Compl. ¶ 7(a).) According to defendant's calculations, plaintiff and most of the putative opt-in plaintiffs spent most of their time–an estimated 66%–during the relevant period working in New Jersey. (See Def.'s Br.

---

[1] 14 additional putative plaintiffs have since filed notices of consent to join: Paul Chifici and Sidney LeJeune, two individuals of unknown residency (Dkt. Nos. 55, 72); Curtis Seal III, a resident of Louisiana (Dkt. No. 60); Kenneth P. Arceneaux, Kolby Clarence Arceneaux, Sr., Jonathan Corley, John Martinez, Bobby Jackson, Joseph Vara, Mark Hilton, Joshua Carlin, Chester Sams, Jose Cruz and Paul Deleon, all employees of Intertek in Texas (See Dkt. Nos. 63, 66, 69, 73, 78, 80, 82 & 83).

Venue 5-7.) While the putative opt-in plaintiffs reside primarily in New Jersey or Texas, defendant operates out of facilities throughout the country. (See, e.g., Pl.'s Br. Cond'l Cert. 2.)

Intertek performs laboratory analysis and inspection services to the petroleum, chemical, agriculture, consumer, and pharmaceutical industries. Plaintiff has worked for Intertek as a salaried oil, gas and chemical inspector ("OGC Inspector") since September 28, 1987. He remains employed in this position today. He alleges that, at least for the proposed Rule 23 class period (six years prior to the filing of the Complaint), defendant engaged in

> "a common pay policy and practice of: (1) miscalculating the regular rate of pay by failing to include all compensation in calculating the regular rate (namely failing to include day-off pay); (2) miscalculating the overtime rate(s) of pay; and (3) failing to make overtime payments in a timely fashion, when they reasonably could have, within the proper workweeks of Plaintiff and others similarly situated to him, and therefore, wrongly failing to pay Plaintiff and those similarly situated to him overtime compensation of one and a half his regular rate of pay for all hours worked in excess of forty (40) in a workweek."

(See Pl.'s Br. Cond'l Cert. 1-2.)

For FLSA purposes, plaintiff seeks Stage I conditional notification to a class of all OGC inspectors employed by defendant at any time during the last three years, in order to notify these individuals of the pendency of this action and to afford them an opportunity to join. The Rule 23(b)(3) New York wage law class, meanwhile, is defined as: "All current and former Intertek OGC Inspectors, working at Defendants' New York terminal locations in the last six years, who were paid miscalculated and/or untimely overtime in violation of New York law." (See Pl.'s Br. Class Cert. 5; Compl. ¶ 15.)

## II. Discussion

"For the convenience of the parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking transfer must show that venue would be proper in the alternative forum and must show by clear and convincing evidence that transfer is warranted. See Chong v. Healthtronics, Inc., No. 06-1287, 2007 U.S. Dist. Lexis 45956, at *11 (E.D.N.Y. Jun. 20, 2007) ("The moving party bears the burden of making a clear and convincing showing that there should be a transfer of venue.") (internal quotation omitted); see also Quan v. Computer Sciences Corp., No. 06-3927, 2008 U.S. Dist. Lexis 1360, at *6 (E.D.N.Y. Jan. 8, 2008); In re Hanger Orthopedic Group, Inc. Sec. Litig., 418 F. Supp. 2d 164, 168 & n.3 (E.D.N.Y. 2006). In considering whether to grant the motion, the Court weighs several factors, including:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses [and] (7) the relative means of the parties.

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006). Additional factors to be considered include: "(8) the forum's familiarity with the governing law, and (9) judicial economy and the interests of justice, based on the totality of circumstances." Chong, 2007 U.S. Dist. LEXIS 45956, at *32 (citing Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co., No. 06 Civ. 599, 2006 U.S. Dist. LEXIS 83220, 2006 WL 3317030, at *2 (S.D.N.Y. Nov. 9, 2006)). On the other hand, "plaintiff's choice of forum has less weight where the plaintiff does not reside in the chosen forum. . . . Likewise, a plaintiff who sues as a class representative rather than solely for her own benefit is entitled to less deference in her choice of forum." Quan, No. 06-3927, 2008 U.S. Dist. Lexis 1360, at *3 (internal citations omitted).

4

After careful consideration of the matter, this Court has determined that discretionary transfer under 28 U.S.C. § 1404(a) is appropriate in this case. Though defendant invokes § 1404(a), not disputing that venue lies in the Eastern District of New York, the Court registers its serious concern as to whether venue is even proper in this district under the venue statute. See 28 U.S.C. § 1391(a)(2) (2008). Despite the fact that plaintiff proposes a nationwide class, it appears that most claims would emerge out of New Jersey and Texas. No records, witnesses or parties reside in New York. Defendant does not have a facility in New York. The amount of time that plaintiff Adeva spent performing his duties as an inspector in New York does not reflect the prevailing trend among potential class members, most of whom spent most of their time working in New Jersey or Texas. More fundamentally, plaintiff has not shown whether claims under NYLL exist for individuals employed in New Jersey who perform some percentage of their duties in New York. Given these concerns, and in the interest of convenience to the parties and to the courts, the tenuous ties between this case and New York must be severed.

The Court declines to address plaintiff's motions for collective notice and for class certification under Rule 23, but urges the parties to resolve any lingering disagreement concerning the language of plaintiff's proposed FLSA judicial notice. Likewise, without reaching the question of Rule 23 class certification, the Court observes that the same lack of connection to New York plagues plaintiff's class certification motion, in which the plaintiff encounters great difficulty substantiating his claim that "hundreds" of other OGC inspectors were "primarily responsible for performing inspection work at defendants' New York terminals." (See Pl.'s Br. Class Cert. 2, 4.)

**III. Conclusion**

Defendant's motion to transfer venue to the District of New Jersey is granted. The Court declines to address remaining motions. However, as emphasized at oral argument, the parties are strongly encouraged to meet and devise an FLSA notice agreeable to all, in advance of the transfer court's consideration of plaintiff's conditional certification motion.

SO ORDERED.

Dated: Brooklyn, New York
      March _10_, 2009

                                          s/ Judge Raymond J. Dearie
                                          RAYMOND J. DEARIE
                                          United States District Judge